**Lee ALMENDAREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43219.

Court of Criminal Appeals of Texas.

Nov. 10, 1970.

Rehearing Denied Dec. 31, 1970.

William E. Steen, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Don Lambright, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for the possession of marihuana with the punishment assessed by the jury at life imprisonment.

In his sole ground of error appellant contends there was no probable cause for his warrantless arrest and that the fruits of the search incident to such arrest were inadmissible in evidence.

Michael Chavez, who had been a narcotics officer with the Houston Police Department for 15 years, testified that on March 18, 1968, at approximately 4:25 p. m. he was on duty with Officers Garcia, Oaks and Jackson when he received instructions by telephone to proceed to a given address to contact an informer. Shortly thereafter at the intersection of Market and McCarty Streets in Houston he left the other officers in the unmarked police vehicle and contacted an informer who had on two previous and recent occasions given him information which had proved to be true and correct. The informer gave Officer Chavez information concerning the appellant whom Chavez had known for approximately a year and whom he had had under "on and off" surveillance for the preceding three weeks. The informer told Chavez that within the next few minutes the appellant and a Latin female companion would be in the vicinity of Philmore and Daugherty Streets and that both would be in possession of marihuana. The informer revealed that the appellant would be driving a 1956 yellow and white Pontiac automobile bearing license number NLG 646, and that the female would be driving a 1968 gold Plymouth with a black top bearing license number NSH 701. Chavez was told the marihuana would be somewhere in the two automobiles described.

Chavez related that he had no time to obtain a search warrant and drove immediately the 10 or 12 blocks to Philmore and Daugherty Streets, arriving within three or four minutes. There he recognized the appellant whom he knew driving the described Pontiac and following a Latin female in her early twenties who was driving the described Plymouth. The license numbers on the vehicles corresponded to the numbers given by the informer.

Chavez testified the officers signaled the two to pull to the curb but they proceeded for half a block and turned into a parking lot. Chavez then went to the female's vehicle while the other officers approached the appellant.

Officer J. D. Oaks testified that as appellant got out of the car he placed his hand in his left pants pocket. Oaks grabbed appellant's hand and pulled it out of the pocket and found the appellant holding a hand rolled marihuana cigarette. When the trunk of the car was opened Officer Jackson related there was strong marihuana odor. The search revealed 92 pounds of a green plant substance in three army duffle bags and various paper bags. One small bag of marihuana was found in the Plymouth. The chain of custody of the plant substance was established and the chemist's testimony reflects that an analysis thereof showed the same to be marihuana. He estimated the amount sufficient to make at least 120,000 cigarettes salable at $1.00 apiece.

In urging the lack of probable cause for the warrantless arrest appellant relies upon Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, both of which decisions dealt with the sufficiency of an affidavit presented to a magistrate for the issuance of a search warrant to reflect probable cause.

It is here observed that Officer Chavez had received previous reliable information from the informer and there were therefore underlying circumstances as to the officer's conclusion that the informer was credible and his information reliable. It is

true that Officer Chavez testified he did not ask the unidentified informer how he knew the marihuana was where he said it was. He was not told by the informer that the informer had personally observed the contraband or had received the information from someone else. The informer did describe the automobiles with particularity, including the license numbers, and knew that the marihuana was contained therein and where the appellant and his companion would be, and was himself only a few blocks from such vicinity. There would appear to be some indication that the informer spoke with personal knowledge or had gained his information in a reliable way. At the point of interception every fact related by the informer except the presence of marihuana was verified. The arrest and search followed.

It appears that this case is controlled by Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. Hereford, the Government's informer in the Draper case, did not state the way in which he had obtained his information. He reported, however, that Draper had gone to Chicago the day before by train and that he would return to Denver by train with three ounces of heroin on one of two specified mornings. Hereford described with some particularity the clothes Draper would be wearing upon his return to Denver. The police upon meeting the inbound Denver train on the second morning specified by the informer Hereford saw a man whose dress corresponded precisely to Hereford's detailed description. It was then apparent that Hereford had not been fabricating his report out of the whole cloth and that all but the critical fact with respect to the possession of narcotics had been verified. The search which followed Draper's arrest was upheld.

The Fifth Circuit Court of Appeals in United States v. Acosta, 411 F.2d 627, held that neither Aguilar nor its explication in Spinelli detracted from the continued vitality of Draper. There, in a fact situation similar to the case at bar, the Court said:

"The instant case is of the *Draper* type. Here there was only a general description of the defendant but a specific description of the vehicle including the license number. The first tip from the informant was that the heroin would be smuggled but he was not certain as to the delivery point. The next tip, some two or three hours later, confirmed the delivery and the route of travel. This resulted in the agent being on the lookout on a specified route for a vehicle of specific description being driven by a young Mexican male. At the time of interception every fact stated by the informer except the presence of the heroin was verified. The arrest and search followed. This was the precise case in *Draper*. In addition, here as in *Draper*, there is ample evidence of the reliability of the informer, the agent having testified as to previous use of the informer and of his reliability in those instances."

Acosta was quoted with approval by this court in Rangel v. State, Tex.Cr.App., 444 S.W.2d 924, which is also authority for the conclusion we reach that the officer had probable cause for the warrantless arrest of the appellant and that the search incident thereto was legal and fruits of such search admissible in evidence. See also Article 14.03, Vernon's Ann.C.C.P.; Alaniz and Villarreal v. State, Tex.Cr.App., 458 S.W.2d 813.

There being no error, the judgment is affirmed.