Patrick COYNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 45189.

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Rehearing Denied Nov. 8, 1972.

Emmett Colvin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., and Catharine T. Hill, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana. Punishment was assessed by the jury at twenty years.

Narcotics investigator DeHoyos testified he received a phone call from a confidential and previously reliable informant at his home in Dallas at approximately 9 P.M., April 7, 1970. DeHoyos was advised by the informant that appellant and one Janet McDonald would be traveling Interstate Highway 35 from Austin to Dallas in a red and white 1965–1967 Chevy II Nova, with a rear antenna, sometime the following day with approximately one hundred to one hundred fifty pounds of marihuana. The following day, surveillance was established at four points along Interstate 35. At 5 P.M., appellant and Miss McDonald were stopped on the R. L. Thornton Freeway (a part of Interstate 35), in Dallas County. A search of the trunk of appellant's automobile revealed approximately one hundred seven pounds of marihuana.

The sufficiency of the evidence is not challenged. At the guilt-innocence stage of the trial, appellant testified in his own behalf and on cross-examination admitted possession of the marihuana.

Appellant contends the court erred in denying his motion to suppress the fruits of the search.

Officer DeHoyos received information concerning appellant from a previously reliable informant who had given him information concerning narcotics numerous times which resulted in arrests. Acting upon this information, Officer DeHoyos set up surveillance the following day. As in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Almendarez v. State, Tex.Cr.App., 460 S.W.2d 921;

United States v. Drew, 436 F.2d 529 (5th Cir., 1972), sufficient details were furnished to enable the officers to verify much of the information related by the informer. A description of the vehicle which included make, approximate model, color, antenna location on rear of car, as well as the highway the vehicle would be traveling, the direction it would be traveling, and the presence of a female companion were details furnished by the informant and confirmed by the officers. The information supplied was sufficient in detail to allow adequate corroboration of its trustworthiness and enabled the officers to conclude that the informer spoke with personal knowledge or had gained his information in a reliable way. See Almendarez v. State, supra. Thus, there was probable cause to believe that the remaining bit of information supplied by the informer that the automobile would contain "one hundred to one hundred fifty pounds of marihuana" would likewise be true. After the vehicle had been stopped and before the trunk was opened, Officer DeHoyos testified he smelled marihuana further confirming informant's report. We find that under the facts and circumstances in the present case, there was probable cause to believe that appellant had a quantity of marihuana in his possession.

Appellant urges that the arresting officer had more than an ample opportunity to submit his information to a magistrate for determination of whether a search warrant should be issued. Appellant's argument appears to be based on the premise that probable cause for issuance of a warrant existed when the officer received the information from the informer. Such contention is not consistent with our holding that the information relayed to the officer by the informer did not ripen into probable cause until the officers had an opportunity to verify the details furnished by the informer. The first time when corroboration of such information could be had was when the officers had an opportunity to observe appellant driving the vehicle on Interstate Highway 35 and were able to confirm the

details supplied by the informer. The record reflects that surveillance was established at various points along said highway and appellant was sighted by officers north of Hillsboro who remained in close proximity to appellant and in radio communication with Dallas officers. Whether the information conveyed by the informer ripened into probable cause when appellant came into view of the officers near Hillsboro or just prior to his arrest by Dallas police is not significant. In both instances, it would have been impracticable to secure a search warrant since the vehicle could be quickly moved out of the locality or jurisdiction in which the warrant must be sought. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879. The circumstances in the instant case are in sharp contrast with the facts in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 564, and Stoddard v. State, Tex.Cr.App., 475 S.W.2d 744, recent cases where the United States Supreme Court and this Court have held that even though there was probable cause for search of a vehicle, there was an absence of exigent circumstances necessary to justify a warrantless search. In both Coolidge and Stoddard, the defendants were arrested in buildings, placed in custody and taken to jail. At a subsequent time, officers searched the defendants' automobiles, found outside the buildings where defendants were arrested. The distinction between the instant case and Coolidge and Stoddard is apparent. In Stoddard and Coolidge, the vehicles were immobile and their location and control subject to the will of the police. The possibility of escape by defendants in the vehicles and destruction of the contraband was nil. In the instant case, the vehicle was under control of appellant until he was stopped and removed from the automobile. As long as the vehicle was under control of appellant, it was impossible to forecast when and where it would be possible to apprehend him. As long as the vehicle was under appellant's control, there existed the possibility of his escape and destruction of the contraband.

The arrest of appellant, search of the automobile and seizure of the marihuana were authorized.

█ Appellant contends his conviction is void in violation of his rights under the Fourteenth Amendment to the Constitution of the United States for the reason that his conviction was based on perjured police testimony. Appellant's complaint concerns the testimony of Officer DeHoyos at the motion to suppress hearing and at the punishment stage of the trial. At the motion to suppress, the record reflects that De-Hoyos testified:

"Q. Did you in fact make any effort to determine any of the background on Mr. Coyne prior to the time you began your surveillance?

"A. Yes."

&ast; &ast; &ast; &ast; &ast; &ast;

"Q. Did you also run a background check on the lady that was in the automobile at the time of the arrest prior to the time you arrested her?

"A. I didn't need to; I knew her."

At the punishment stage of the trial, De-Hoyos testified:

"Q. All right. I will ask you how long have you known Patrick William Coyne?

"A. Approximately six months prior to his arrest."

Officer DeHoyos further testified that he knew appellant's reputation in the community in which he resided for being a peaceful and law abiding citizen and that such reputation was bad.

Appellant cites Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690; Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed. 2d 1217; Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9; Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214, cases where the United States Supreme Court has held that the Fourteenth Amendment

**920**

cannot tolerate a state criminal conviction secured by the knowing use of false evidence. We do not find the testimony about knowing appellant six months to be in conflict with the testimony of having made an effort to determine the background of appellant. If there be some degree of inconsistency, it is not such as would support a finding that such testimony was perjured. We perceive no error.

 Appellant contends that Article 725, Vernon's Ann.P.C., is unconstitutional because it classifies marihuana as a narcotic drug. In the recent cases of Sanders v. State, Tex.Cr.App., 482 S.W.2d 648 and Hunter v. State, Tex.Cr.App., 381 S.W.2d 806, this same contention was rejected. While this Court recognizes that there are contrary decisions by courts of other jurisdictions [1], we are not persuaded.

The judgment is affirmed.

Approved by the Court.

1. See People v. McCabe, 49 Ill.2d 338, 275 N.E.2d 407 (1971); People v. Sinclair, 194 N.W.2d 878 (Mich.Sup.Ct. 1972); State v. Kantner, 493 P.2d 306 (Hawaii 1972).