**Alex Benjamin SKLAR, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 13–85–123–CR.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 31, 1985.

Rehearing Denied Nov. 27, 1985.

Charles A. Hood, Port Lavaca, for appellant.

Robert E. Bell, Port Lavaca, for appellee.

Before KENNEDY, UTTER and SEERDEN, JJ.

OPINION

KENNEDY, Justice.

Appellant was found guilty of the offense of possession of a controlled substance. Punishment was set at ten years in the penitentiary together with a fine of $2,500.00. Appellant asserts three grounds of error. We affirm the judgment of the trial court.

Officer Juarez, of the El Campo Police Department, received a tip from an informant who had always proved to be true, reliable and correct in the past. The informant had provided information on three prior occasions that resulted in convictions. This tip occurred at 10:40 p.m. on October 10, 1983, by telephone. The informant advised Officer Juarez that Carl Sturtz and Beverly Luchak would be driving Carl's car, a 1966, black, four-door Cadillac, to Edna to pick up a third person. This third person was only known to the informant as Alex, a white male with a red birthmark about his face and neck. The three of them would then continue to an unknown location in Hallettsville to purchase methamphetamine, also known as "crank." Sturtz, Luchak and Alex would be returning to Edna at approximately 11:30 p.m. that same night with the methamphetamine. The informant told Officer Juarez that Alex lived in Edna in the vicinity of the post office, but did not know the address. The informant received her information from Beverly Luchak. Officer Juarez and his partner, Robin Taylor, knew Carl Sturtz and Beverly Luchak, the vehicle they drove and their reputation as narcotics users.

Officers Juarez and Taylor proceeded immediately to Edna after the informer's call. Upon arrival in Edna, the officers drove to the vicinity of the post office and located a green and white van which they had observed at Sturtz's residence in the past. Locating Alex's residence only took one-and-a-half to two minutes once they arrived in Edna. Juarez and Taylor then contacted Officers Lauderbauch and Gabrysch of the Edna Police Department and informed them of the tip. The four police officers then set up surveillance. Officers Juarez and Taylor set up surveillance on the highway coming from Hallettsville to Edna. They immediately observed the suspect vehicle, a four-door, black Cadillac, coming into town. Officer Juarez recognized Beverly Luchak as the driver of the car and could also see two silhouettes in the vehicle. The officers observed the vehicle at 11:32 p.m. The Edna police officers signaled the vehicle over to the side of the road, and it finally responded a block-and-a-half later in front of the appellant's house. Appellant, the suspect named Alex with the red birthmark about the head and neck, attempted to hand a shirt to a bystander that had emerged from the house. Upon searching the shirt, the officers found the methamphetamine and two syringes wrapped in the shirt.

■ Appellant, by grounds of error one and two, complains that the trial court erred in overruling appellant's motions to suppress due to an invalid, warrantless arrest and search.

> Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

TEX.CODE CRIM.PROC.ANN. art. 14.04 (Vernon 1977). The informant in this case had proven reliable in the past and the corroboration by the officers of the car, persons, time of night and direction of the vehicle provided a substantial basis to conclude there was probable cause that a felony had been committed. *Eisenhauer v. State,* 678 S.W.2d 947 (Tex.Crim.App.1984); *Jones v. State,* 640 S.W.2d 918 (Tex.Crim. App.1982); *Coyne v. State,* 485 S.W.2d 917 (Tex.Crim.App.1972); *Saenz v. State,* 670 S.W.2d 667 (Tex.App.—Corpus Christi 1984, pet. ref'd). Probable cause did not exist until the officers were able to corroborate the information provided in the tip. *See Eisenhauer v. State,* 678 S.W.2d at 955; *Jones v. State,* 640 S.W.2d at 920.

Appellant is wrong in his contention that probable cause existed based on the informant's tip alone. The officer in his affidavit in support of the arrest warrant must show underlying circumstances which show the informant's information was reliable. TEX.CODE CRIM.PROC.ANN. art. 15.05 (Vernon 1977); *Jones v. State,* 568 S.W.2d 847, 854 (Tex.Crim.App.1978); *Coyne v. State,* 485 S.W.2d at 918.

Probable cause is not sufficient in itself to allow a warrantless search under art. 14.04. The offender must also be about to escape. The facts of this case justify the conclusion that appellant was about to escape based on the Court of Criminal Appeals' holding in *Coyne:*

> In the instant case, the vehicle was under control of appellant until he was stopped and removed from the automobile. As long as the vehicle was under control of appellant, it was impossible to forecast when and where it would be possible to apprehend him. *As long as the vehicle was under appellant's control, there existed the possibility of his escape and destruction of the contraband.* (emphasis added)

485 S.W.2d at 919.

The officers knew Sturtz and Luchak lived in El Campo. They did not know the address of appellant until minutes before the arrest. There was no knowledge of the final destination of the controlled substance, only the informer's tip that it would arrive in Edna around 11:30 p.m. by way of a 1966, black Cadillac. The suspects were in control of the vehicle up until the time of arrest. Therefore, the possibility of escape and destruction of the contraband was always present until the arrest was made. We overrule appellant's first and second grounds of error.

Appellant complains in his third ground of error that the trial court erred in failing to quash the indictment because it gave insufficient notice of how the State intended to prove him guilty as a party.

The indictment reads: "that Alex Benjamin Sklar, Beverly Sablatura Luchak and Carl Michael Sturtz, Acting Together ..."

did then and there intentionally and knowingly possess a controlled substance, to-wit: methamphetamine."

In *Pitts v. State,* 569 S.W.2d 898 (Tex. Crim.App.1978), the Court of Criminal Appeals held:

> In the new penal code, the legislature eliminated the distinction between principals and accomplices and the attendant complexities in drafting indictments ... V.T.C.A. Penal Code, Sec. 7.01(c) now plainly requires that we hold a party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another. If the evidence supports a charge on the law of parties, as it does here, the court may charge on the law of parties even though there is no such allegation in the indictment.

*Id.* at 900; *see also Duff-Smith v. State,* 685 S.W.2d 26 (Tex.Crim.App.1985) (restatement of the *Pitts* holding).

The indictment reads that Luchak, Sturtz and Sklar were "Acting Together" and based on *Pitts v. State,* it is not even necessary that the indictment specifically allege the facts which make the defendant a party to the offense and criminally responsible for the conduct of another. Therefore, no further specificity is required of the present indictment.

Appellant's third ground of error is overruled.

The judgment of the trial court is AFFIRMED.