Alex Benjamin SKLAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 041–86.

Court of Criminal Appeals of Texas,
En Banc.

July 1, 1987.

Charles A. Hood, Port Lavaca, for appellant.

James Hensarling, Dist. Atty., and Robert E. Bell, Asst. Dist. Atty., Edna, Jim Vollers, Austin, Tx., Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

A jury found appellant guilty of possession of a controlled substance. The trial court set punishment at 10 years confinement in the Texas Department of Corrections and a $2500.00 fine. Appellant's conviction was affirmed by the Corpus Christi Court of Appeals. *Sklar v. State*, 700 S.W. 2d 640 (Tex.App.–Corpus Christi, 1985). Appellant petitioned this Court for discretionary review, which we granted to consider whether, under Art. 14.04, V.A.C.C.P., appellant was illegally arrested and evidence discovered pursuant to that arrest thereby rendered inadmissible. We will reverse.

The following relevant facts are taken from the Court of Appeals' opinion:

"Officer Juarez, of the El Campo Police Department, received a tip from an informant who had always proved to be true, reliable and correct in the past. The informant had provided information on three prior occasions that resulted in convictions. This tip occurred at 10:40 p.m. on October 19, 1983, by telephone. The informant advised Officer Juarez that Carl Sturtz and Beverly Luchak would be driving Carl's car, a 1966, black, four-door Cadillac, to Edna to pick up a third person. This third person was only known to the informant as Alex, a white male with a red birthmark about his face and neck. The three of them would then continue to an unknown location in Hallettsville to purchase methamphetamine, also known as "crank." Sturtz, Luchak

and Alex would be returning to Edna at approximately 11:30 p.m. that same night with the methamphetamine. The informant told Officer Juarez that Alex lived in Edna in the vicinity of the post office, but did not know the address. The informant received her information from Beverly Luchak. Officer Juarez and his partner, Robin Taylor, knew Carl Sturtz and Beverly Luchak, the vehicle they drove and their reputation [sic] as narcotics users.

Officers Juarez and Taylor proceeded immediately to Edna after the informer's call. Upon arrival in Edna, the officers drove to the vicinity of the post office and located a green and white van which they had observed at Sturtz's residence in the past. Locating Alex's residence only took one-and-a-half to two minutes once they arrived in Edna. Juarez and Taylor then contacted Officers Lauderbauch and Gabrysch of the Edna Police Department and informed them of the tip. The four police officers then set up surveillance. Officers Juarez and Taylor set up surveillance on the highway coming from Hallettsville to Edna. They immediately observed the suspect vehicle a four-door, black Cadillac, coming into town. Officer Juarez recognized Beverly Luchak as the driver of the car and could also see two silhouettes in the vehicle. The officers observed the vehicle at 11:32 p.m. The Edna police officers signaled the vehicle over to the side of the road, and it finally responded a block-and-a-half later in front of the appellant's house. Appellant, the suspect named Alex with the red birthmark about the head and neck, attempted to hand a shirt to a bystander that had emerged from the house. Upon searching the shirt, the officers found the methamphetamine and two syringes wrapped in the shirt."

*Sklar*, supra at 641.

On appeal to the Corpus Christi Court of Appeals, appellant contended that the trial court had erred in overruling his motions to suppress based on an invalid warrantless arrest and search. In response to the contention, the Court of Appeals referred to Art. 14.04, V.A.C.C.P., which provides:

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without a warrant, pursue and arrest the accused.

The appeals court considered the evidence in the instant case and concluded that the informant was credible and the officers had probable cause to arrest.

The Court of Appeals then considered whether there was evidence of escape. The court referred to this Court's decision in *Coyne v. State*, 485 S.W.2d 917, 918 (Tex.Cr.App.1972), and emphasized the following language in that opinion:

"As long as the vehicle was under appellant's control, there existed the possibility of his escape and destruction of the contraband."

*Sklar*, supra at 642, citing *Coyne*, supra at 919. Based upon the facts of the instant case, the Court of Appeals concluded that "the possibility of escape and destruction was always present until the arrest was made." *Sklar*, supra at 642.

In his petition for discretionary review, appellant contends that the Corpus Christi Court of Appeals incorrectly found under both the facts of the case and the relevant law that a warrantless arrest was justified under Art. 14.04, supra. Appellant directs our attention to the following facts not considered by the Court of Appeals. The officers testified that they did not get a warrant because they felt there was not sufficient time to do so. The officers had been informed of the alleged offense two hours and fifteen minutes before the arrest. The officers knew where appellant lived. The evidence also established that there was a magistrate available at the time to issue a warrant, although the magistrate was at his home. Last, the arrest took place in front of appellant's house. Appellant contends that these facts do not amount to evidence showing imminent escape, which is required by Art. 14.04, supra.

■ We agree with appellant's contention that the facts of this case do not support a warrantless arrest under Art. 14.04, supra. In order to develop this holding, reference must be made to our recent decision in *DeJarnette v. State*, 732 S.W.2d 346 (Tex.Cr.App.1987). In that case, we held that in order for a warrantless arrest to be justified under Art. 14.04, there must be satisfactory proof showing that a felony offense had been committed, that the person arrested was the offender, and that the offender is about to escape. We will, for the sake of argument, assume the first and second requirements were met under the facts of the case at bar, and will focus our attention on the third factor: the proof showing that appellant was about to escape.

In *DeJarnette*, supra, at 351, we stated that with regard to the escape evidence, "there must be some evidence amounting to satisfactory proof, ... indicating that the defendant was about to escape so that there was no time to procure a warrant." We added that the proximity of police apprehension to the commission of the crime and disclosure by the police of their investigation to the suspect are factors which may be considered in determining whether there is sufficient proof. The escape, however, must be imminent.

We may now address the instant facts. The informant told the police that appellant was going to drive to Hallettsville to buy methamphetamine, and would *return* to Edna later that night. The informant also gave the police the approximate area of appellant's residence. Officers drove from El Campo to Edna, where they ascertained appellant's address. The El Campo police notified the Edna police of the situation, and set up surveillance. About one hour later, officers observed appellant in the described vehicle driving into Edna. Officers signaled the driver of the vehicle to stop, which she did one and one-half blocks from appellant's house. Appellant was then searched, illegal drugs were found, and he was arrested.

These facts do not constitute satisfactory proof that appellant was about to escape.

The informer stated that appellant would return to Edna, the town of his residence, and gave no indication that appellant would escape. Cf. *Fry v. State*, 639 S.W.2d 463 (Tex.Cr.App.1983) (victim stated one of the offenders was about to leave the State). Nor was there any indication that appellant had been informed of the investigation. Cf. *King v. State*, 631 S.W.2d 486 (Tex.Cr. App.1982) (police stopped driver of defendant's truck who would probably relate stop and investigation information to the defendant when the truck was returned). Also, officers knew appellant's name and where he resided. Cf. *DeJarnette*, supra (defendant stopped when officers had only a physical description and information concerning a stabbing). There is simply nothing in these facts to support a finding that satisfactory proof existed to support the belief that appellant was about to escape so that the officers could not procure a warrant. See also *DeJarnette*, supra, and cases cited therein at 352.

Since the facts of this case did not indicate that escape was imminent, appellant's warrantless arrest and search was not justified under Art. 14.04, supra. The trial court therefore erred in not granting appellant's motion to suppress.

We also agree with appellant's contention that the Court of Appeals improperly relied upon this Court's holding in *Coyne*, supra. In that case, officers had received a phone call from a confidential and previously reliable informant that the defendant and a friend would be traveling from Austin to Dallas on Interstate Highway 35 in a red car with approximately one hundred and fifty pounds of marihuana. Surveillance was set up along the relevant areas of the highway, and the defendant was found and stopped. After the vehicle was stopped, the arresting officer smelled the smoke of burning marihuana coming from the car. The defendant was then arrested, and the car was searched. This Court concluded that the factual detail of the tip and the subsequent corroboration of the information revealed by the informant gave officers probable cause to stop the car without a warrant, and further noted that:

"... [I]t would have been impracticable to secure a search warrant since the vehicle could be quickly moved out of the locality or jurisdiction in which the warrant must be sought."

*Id.* at 919.

In support of this statement, this Court cited *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), which forms the basis for the exception to the Fourth Amendment warrant requirement which applies to automobiles and their inherent mobility. Thus, the basis of this Court's holding that the warrantless search of the defendant's car in *Coyne*, supra, was acceptable had nothing to do with Art. 14.-04, supra, or the possibility of the defendant's imminent escape. As such, the *Coyne* case has no application to the instant case with regard to the viability of a warrantless arrest under the theory that appellant was about to escape.[1]

▇ In its response brief, the State argues that no notice of appeal was filed in this case, and thus, neither the Court of Appeals nor this Court has jurisdiction of the case. The record shows that a written notice of appeal was untimely filed, but an appeal bond was given shortly after judgment and sentence were rendered. At the time of this trial, Art. 44.08, V.A.C.C.P., provided that notice of appeal was sufficient if it showed the defendant's desire to appeal. We find that in this case, appellant adequately expressed his desire to appeal.

We will sustain appellant's grounds for review. The judgments of the Court of Appeals and the trial court are reversed and the case is remanded to the trial court.

ONION, P.J., and W.C. DAVIS, J., concur in the result.

TEAGUE, Judge, concurring.

Given the facts of this cause, and the express and clear wording of Article 14.04, V.A.C.C.P., which provides, "Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony [offense] has been committed, and that the offender *is about to escape*, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused," (my emphasis), the majority opinion by Judge Miller correctly holds that the Corpus Christi Court of Appeals in *Sklar v. State*, 700 S.W.2d 640 (Tex.App.–13th 1985), used the wrong standard in deciding this cause, namely, "the possibility of escape" rather than the statutory standard of "about to escape". When a person is "about to escape" he is on the verge of escaping, he has nearly escaped, or he has almost escaped, see *The American Heritage Dictionary of the English Language* (1973 edition). In the context of the facts of this case, in order to come within the statute, the State was required to establish that "The appellant's escape was imminent." In this instance, as easily seen by the facts of this case, the State simply failed to establish that appellant's escape was imminent. Thus, the State cannot use the above statute to sustain the warrantless arrest that occurred in this cause, and, as that is the only basis on which the arrest can be sustained, the majority opinion correctly holds that the fruits of the unlawful arrest should have been suppressed in the trial court.

The only problem that I have with the majority opinion, and I assume that if I have a problem that prosecutors and law enforcement officials of this State will have the same problem, is that I cannot square up what this Court states and holds in this cause with what it stated and erroneously held in *DeJarnette v. State*, 732 S.W.2d 346 (Tex.Cr.App.1987), which was also written by Judge Miller. I will, however, not elongate this opinion by setting out herein what this Court's majority stated and held in *DeJarnette*, supra, but will simply refer the reader to that opinion, let him make a comparison of this opinion with that opinion, and then let him see if he reaches the

---

1. In the instant case, appellant does not complain about any search of the automobile. Rather, he contests his warrantless arrest and the subsequent search of the shirt he passed to another person. Since the *Coyne* analysis applies to searches of automobiles, it has no application under the facts of this case.

same conclusion that I do—that was the week for the prosecution; this week, however, is for the defendant.

McCORMICK, Judge, dissenting on appellant's petition for discretionary review.

Because I have difficulty distinguishing the instant case from *Almendarez v. State*, 460 S.W.2d 921 (Tex.Cr.App.1970), and because I believe the officers were acting within their constitutional limitations and statutory authority, I respectfully dissent.

WHITE, J., joins in this dissent.

### OPINION ON STATE'S MOTIONS FOR REHEARING

DUNCAN, Judge.

On original submission this Court reviewed the court of appeals' opinion and concluded the court of appeals erred when it decided that the arrest and search of the appellant were authorized under Article 14.04, V.A.C.C.P. Relying upon *DeJarnette v. State*, 732 S.W.2d 346 (Tex.Cr.App. 1987), we concluded that "[t]here is simply nothing in these facts to support a finding that satisfactory proof existed to support the belief that appellant was about to escape so that the officers could not procure a warrant." We continue to adhere to that conclusion.

In its motions for rehearing, however, the State argues several matters that require another review of this case. The State submits that even if the appellant's arrest was not authorized by Article 14.04, supra, there are several other provisions under Chapter 14 of the Code of Criminal Procedure that would constitute statutory authority for the appellant's arrest. Accordingly, the State claims that the facts of this case should be reviewed in light of these other statutes, particularly Articles 14.01 and 14.03. Such a review was not performed by the court of appeals when it affirmed the appellant's conviction. Nor, did we engage in such a review because the issue on which the appellant's petition for discretionary review was granted was expressly limited to the court of appeals'

analysis of the facts and the applicability of Article 14.04.

Based upon the foregoing observations, and adhering to our conclusion regarding Article 14.04 as detailed in our opinion on original submission, the judgment of the court of appeals is vacated and the case is remanded to that court to be reviewed in a manner not inconsistent with this opinion.