**Willie MILES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1200–89.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 22, 1989.

The State's petition for discretionary review is refused.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

**PER CURIAM.**

Our prior opinion in this cause is withdrawn.

Following his plea of guilty, appellant was convicted in a trial before the court for the offense of aggravated possession of marihuana. Punishment was assessed at 8 years. Notice of appeal was given. The appeal is currently pending before the Seventh Court of Appeals in Cause No. 07–89–0177–CR.

█ The State has filed a petition for discretionary review. Within that petition, the State maintains the Court of Appeals has no jurisdiction to consider appellant's appeal. Specifically, the State seeks to challenge an extension of time granted by the Court of Appeals in order to file notice of appeal under Tex.R.App.P. 41(b)(2). It is urged the Court of Appeals had no authority to grant such extension due to appellant's failure to file notice of appeal with the trial court within 15 days after the last day allowed.[1]

█ Ordinarily, this Court will not entertain a petition for discretionary review from an interlocutory order of the Court of Appeals because such an order does not finally dispose of the case in that Court. *Measeles v. State*, 661 S.W.2d 732 (Tex. Crim.App.1983). The ground for review contained within the State's petition seeks to challenge an interlocutory order by the Court of Appeals which does not finally dispose of the cause.

---

1. The record in this cause reflects appellant filed an appeal bond with the trial court on April 6, 1989. The bond is in writing and shows the desire of appellant to appeal from the judgment of the trial court. We find the bond is sufficient to constitute a notice of appeal under Tex.R.App.P. 40(b)(1).