TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00678-CR







Luis Tellez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0942511, HONORABLE CHARLES CAMPBELL, JUDGE PRESIDING







PER CURIAM


 This is an appeal from a judgment of conviction for injury to a child. Sentence was
imposed on June 23, 1995. Because a motion for new trial was filed, the deadline for perfecting
appeal was September 21, 1995. Tex. R. App. P. 41(b)(1). Notice of appeal was not filed until
October 23, 1995.

 Before us is appellant's "application for leave to appeal out of time." Appellant
acknowledges that his formal notice of appeal was untimely, but urges that his desire to appeal
was timely manifested by a "jail release card" that appears in the transcript. This card, dated June
23, 1995, directs the sheriff to continue appellant's bond "as an appeal bond" and is signed by the
trial court. Appellant contends this card was sufficient to perfect his appeal, citing Sklar v. State,
764 S.W.2d 778, 781 (Tex. Crim. App. 1987).

 In Sklar, the defendant did not file a written notice of appeal, but did give an appeal
bond. The court held that this was adequate to perfect appeal under former article 44.08. Act
of June 1, 1981, 67th Leg., R.S., ch. 291, § 127, 1981 Tex. Gen. Laws 761, 814 (Tex. Code
Crim. Proc. Ann. art. 44.08, since repealed). Article 44.08 provided that notice of appeal could
be given orally or in writing, and was sufficient if it showed the desire of the defendant to appeal. 
Appellant concedes that former article 44.08 does not apply to this cause, but argues that the
holding in Sklar must be applied to appeals governed by the Texas Rules of Appellate Procedure
because the appellate rules were not to abridge or modify the substantive rights of litigants. Act
of May 27, 1985, 69th Leg., R.S., ch. 685, § 1, 1985 Tex. Gen. Laws 2472 (now codified at
Tex. Gov't Code Ann. § 22.108(a) (West 1988)).

 Rule 40(b)(1) requires an independent written notice of appeal. Shute v. State, 744
S.W.2d 96, 97 (Tex. Crim. App. 1988); Tex. R. App. P. 40(b)(1). By requiring that notice of
appeal be in writing, rule 40(b)(1) does not alter the substantive right to appeal but merely
prescribes the procedure by which that right is to be exercised. We hold that the "jail release
card" was not sufficient to perfect appeal in this cause. See Shute, 744 S.W.2d at 97 (document
that might have been sufficient to perfect appeal under article 44.08 was not sufficient under rule
40(b)(1)). 

 Alternatively, appellant asks that we deem his notice of appeal timely by invoking
our authority to suspend the requirements of the appellate rules. Tex. R. App. P. 2(b). Rule 2(b)
does not authorize us to suspend the appellate time limits. Garza v. State, 896 S.W.2d 192 (Tex.
Crim. App. 1995). Without a timely filed notice of appeal, this Court is without jurisdiction. 
Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d at 97.

 Finally, appellant asks that we consider his "application for leave to appeal out of
time" as an application for writ of habeas corpus on the ground of ineffective assistance of
counsel. This Court does not have original habeas corpus jurisdiction in criminal cases. Tex.
Gov't Code Ann. § 22.221(d) (West Supp. 1996). Appellant must await our mandate of
dismissal, after which he may file a statutory post-conviction application for writ of habeas corpus
seeking an out-of-time appeal. Tex. Code Crim. Proc. Ann. art. 11.07, § 2 (West Supp. 1996).

 The application for leave to appeal is overruled. The appeal is dismissed.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: January 17, 1996

Do Not Publish



="BR2">



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0942511, HONORABLE CHARLES CAMPBELL, JUDGE PRESIDING







PER CURIAM


 This is an appeal from a judgment of conviction for injury to a child. Sentence was
imposed on June 23, 1995. Because a motion for new trial was filed, the deadline for perfecting
appeal was September 21, 1995. Tex. R. App. P. 41(b)(1). Notice of appeal was not filed until
October 23, 1995.

 Before us is appellant's "application for leave to appeal out of time." Appellant
acknowledges that his formal notice of appeal was untimely, but urges that his desire to appeal
was timely manifested by a "jail release card" that appears in the transcript. This card, dated June
23, 1995, directs the sheriff to continue appellant's bond "as an appeal bond" and is signed by the
trial court. Appellant contends this card was sufficient to perfect his appeal, citing Sklar v. State,
764 S.W.2d 778, 781 (Tex. Crim. App. 1987).

 In Sklar, the defendant did not file a written notice of appeal, but did give an appeal
bond. The court held that this was adequate to perfect appeal under former article 44.08. Act
of June 1, 1981, 67th Leg., R.S., ch. 291, § 127, 1981 Tex. Gen. Laws 761, 814 (Tex. Code
Crim. Proc. Ann. art. 44.08, since repealed). Article 44.08 provided that notice of appeal could
be given orally or in writing, and was sufficient if it showed the desire of the defendant to appeal. 
Appellant concedes that former article 44.08 does not apply to this cause, but argues that the
holding in Sklar must be applied to appeals governed by the Texas Rules of Appellate Procedure
because the appellate rules were not to abridge or modify the substantive rights of litigants. Act
of May 27, 1985, 69th Leg., R.S., ch. 685, § 1, 1985 Tex. Gen. Laws 2472 (now codified at
Tex. Gov't Code Ann. § 22.108(a) (West 1988)).

 Rule 40(b)(1) requires an independent written notice of appeal. Shute v. State, 744
S.W.2d 96, 97 (Tex. Crim. App. 1988); Tex. R. App. P. 40(b)(1). By requiring that notice of
appeal be in writing, rule 40(b)(1) does not alter the substantive right to appeal but merely
prescribes the procedure by which that right is to be exercised. We hold that the "jail release
card" was not sufficient to perfect appeal in this cause. See Shute, 744 S.W.2d at 97 (document
that might have been sufficient to perfect appeal under article 44.08 was not sufficient under rule
40(b)(1)). 

 Alternatively, appellant asks that we deem his notice of appeal timely by invoking
our authority to suspend the requirements of the appellate rules. Tex. R. App. P. 2(b). Rule 2(b)
does not authorize us to suspend the appellate time limits. Garza v. State, 896 S.W.2d 192 (Tex.
Crim. App. 1995). Without a timely filed notice of appeal, this Court is without jurisdiction. 
Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d at 97.

 Finally, appellant asks that we consider his "application for leave to appeal out of
time" as an application for writ of habeas corpus on the ground of ineffective assistance of
counsel. This Court does not have o