**Craig ROSALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–96–335–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 8, 1996.

Christopher M. Crain, Cuero, for appellant.

Wiley L. Cheatham, District Attorney, Robert C. Lassmann, Assistant District Attorney, Cuero, for appellee.

Before SEERDEN, C.J., and DORSEY and RODRIGUEZ, JJ.

## OPINION ON STATE'S MOTION TO DISMISS

PER CURIAM.

The State has filed a motion to dismiss appellant's appeal. The State asserts that appellant's notice of appeal was untimely. We deny the motion.

On June 11, 1996, appellant was convicted of delivering cocaine and sentenced to twelve years in prison. Pursuant to Tex.R.App.P. 41(b)(1), appellant's notice of appeal was required to be filed by Thursday, July 11.

The docket sheet shows that on June 11, "The Defense announced they wished to ap-

---

peal. A $15,000.00 Appeal Bond set." An appeal bond was filed three days later on June 14. The docket sheets further reflects that appellant filed a notice of appeal on July 15.

The State contends that the July 15th notice of appeal was late and therefore this Court does not have jurisdiction to consider the appeal. The State is correct with regard to the July 15th notice, but we find that the appeal bond, filed on June 14, is sufficient to constitute notice of appeal.

In *Sklar v. State*, 764 S.W.2d 778, 781 (Tex.Crim.App.1987), the Court stated:

> [T]he State argues that no notice of appeal was filed in this case, and thus, neither the Court of Appeals nor this Court has jurisdiction of the case. The record shows that a written notice of appeal was untimely filed, but an appeal bond was given shortly after judgment and sentence were rendered. At the time of this trial, Art. 44.08, V.A.C.C.P., provided that notice of appeal was sufficient if it showed the defendant's desire to appeal. We find that in this case, appellant adequately expressed his desire to appeal.

Although article 44.08 has been repealed, the successor to that statute, Tex.R.App.P. 40(b)(1), maintains the language relied on above. Rule 40(b)(1) reads, in pertinent part, "Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order...." We find *Sklar* controlling and overrule the State's motion.

The motion is denied.