Opinion issued May 2, 2002 

 














In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00904-CR






EDMOND HERMON ASHORN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 37,053






DISSENTING OPINION

 I dissent.

 The record shows that appellant complied with Rule 25.2 by filing a timely
notice of appeal. See Tex. R. App. P. 25.2. Accordingly, we have jurisdiction of this
appeal. 

The Law

 Rule 25.2(a) and (b) reads, in relevant part:


(a) Perfection of Appeal. In a criminal case, appeal is
perfected by timely filing a notice of appeal. . . .


(b) Form and Sufficiency of Notice.

 

 (1) Notice must be given in writing and filed with the
trial court clerk.

 

 (2) Notice is sufficient if it shows the party's desire
to appeal from the judgment or other appealable
order, . . . .


Tex. R. App. P. 25.2(a)-(b)(2) (emphasis added).

 In Miles v. State, the Texas Court of Criminal Appeals specifically stated
that a written appeal bond filed with the trial court is "sufficient to constitute a notice
of appeal" under the Rules. 842 S.W.2d 278, 279 n.1 (Tex. Crim. App. 1989).

The Facts

 After a jury trial, appellant was sentenced on August 6, 2001. (1) On the same
day, appellant gave oral notice of appeal, the sum of $6,000 was paid to the Brazoria
County Sheriff's Department on appellant's behalf, and appellant signed a bail bond
document with "Appeals Bond" hand-printed in bold letters at the top. The appeal
bond is file-stamped showing it was filed with the district clerk of Brazoria County
on August 16, 2001, well before the September 5, 2001 deadline for filing notice of
appeal.

CONCLUSION

 As a matter of law, when a party timely files a written document with the
trial court clerk that shows the party's desire to appeal a criminal judgment entered
after a trial on a plea of not guilty, the appeal is duly perfected. (2) Tex. R. App. P.
25.2(a), (b). The appeal bond filed in this case duly perfected the appeal of the
judgment. See Miles, 842 S.W.2d at 279 n.1. Accordingly, we should grant
appellant's motion for rehearing, withdraw our opinion and judgment dated October
25, 2001 that dismissed appellant's appeal for lack of jurisdiction, and reinstate the
appeal on our docket.



 Margaret Garner Mirabal 

 Justice


Panel consists of Justices Mirabal, Nuchia, and Price. (3)

Publish. Tex. R. App. P. 47.
1. This case does not involve the requirements of a notice of appeal filed after a
judgment is entered on a plea of guilty pursuant to a plea bargain. Appellant
pled not guilty and the case was tried to a jury.
2. Respectfully, in footnote 4 the majority opinion misstates the effect of the law. 
It is not true that "no written notice of appeal need be filed in a case in which
an appeal bond is filed before the deadline for filing notice of appeal." For
example, in a plea-bargained felony case, when a judgment is rendered on a
plea of guilty or nolo contendere in accordance with the plea agreement, a
notice of appeal complying with Rule 25.2 (b) (3) must be filed to confer
jurisdiction on the appellate court; an appeal bond alone would not perfect the
appeal in such a case. I stress again that this is not a plea bargain case. 
Judgment was entered after a jury trial. Appellant orally told the trial judge he
wanted to appeal, he followed through immediately with the filing of an
"appeal bond," and he proceeded with the appeal represented by appellate
counsel. Rule 25.2 (b)(2) controls, and we have jurisdiction.
3. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.