Opinion issued May 2, 2002













In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00904-CR

____________


EDMOND HERMON ASHORN, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 37,053






OPINION ON MOTION FOR REHEARING

 We issued an opinion dismissing this appeal for lack of jurisdiction on
October 25, 2001. On November 7, 2001, appellant's counsel filed a Motion for
Reconsideration and for Out-Of-Time Appeal that we will consider as a motion for
rehearing. The motion for rehearing is denied. However, we withdraw our opinion
of October 25, 2001, and issue the following opinion in its place.

Background Facts

 Appellant was convicted by a jury of possession with intent to deliver a
controlled substance, namely, methamphetamine, in an amount of at least four grams
but less than 200 grams. Punishment was assessed by the court at confinement for
eight years. Appellant was sentenced on August 6, 2001. No motion for new trial
was filed. The deadline for filing notice of appeal was therefore September 5, 2001,
30 days after sentencing. See Tex. R. App. P. 26.2(a)(1). Written notice of appeal
was not filed until September 26, 2001, 21 days after the deadline.

 In our original opinion, we dismissed this appeal because no timely written
notice of appeal was filed. See Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Tex. R.
App. P. 26.2(a).Oral Notice of Appeal

 Appellant first argues that he gave oral notice of appeal when he was
sentenced. According to the trial court's docket sheet, this is correct. Nevertheless,
timely written notice of appeal must be filed in order to confer this Court with
jurisdiction. "[A]n oral notice of appeal, no matter how many times it is
memorialized in documents signed by clerks or trial courts, is still an oral notice of
appeal. Brunswick v. State, 931 S.W.2d 9, 11 (Tex. App.--Houston [1st Dist.] 1996,
no pet.); Tex. R. App. P. 25.2(b)(1). We hold appellant's oral notice of appeal was
insufficient to vest this Court with jurisdiction.

Request for the Reporter's Record

 Appellant next argues that, on June 28, 2001, before his sentencing, he
requested that the court reporter prepare a record, and that this request satisfied the
requirement of Rule 25.2(b)(2) of the Rules of Appellate Procedure that the notice is
sufficient if it "shows the party's desire to appeal." (1) However, no such document
appears in the record. Therefore, this argument is unsupported and will not be
considered. Janecka v. State, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996).

Posting of Bond

 Appellant also argues that he posted an appeal bond, and that this was
sufficient to constitute written notice of appeal.

 The bond, dated August 6, 2001, and filed with the District Clerk 10 days
later, is a cash bond with the words "Appeals bond" handwritten near the top, the
substance of which states:

 That I, EDMOND HERMAN ASHORN, as principal, am bound
unto the State of Texas, in the penal sum of six thousand dollars
($6000.00) Dollars and, in addition thereto, I am bound for the
payment of all fees and expenses that may be incurred by any
peace officer in re-arresting me, the said principal, in the event
any of the hereinafter stated conditions of this bond are violated,
for the payment of which sum or sums well and truly to be made. 
I do bind myself, my heirs, executors and administrators, jointly
and severally.


 THE CONDITION OF THIS BOND IS THAT THE
DEFENDANT HAS BEEN CHARGED WITH A Fel[ony]
offense and to secure his release from custody is entering into this
obligation binding him to appear before the appropriate Court of
Brazoria County, Texas, instanter.


 NOW THEREFORE, IF THE SAID PRINCIPAL SHALL WELL
AND TRULY MAKE HIS PERSONAL APPEARANCE
BEFORE SAID COURT INSTANTER AS well as before any
other court to which the same may be transferred and for any and
all subsequent proceedings that may be had relative to said charge
in the course of criminal actions based on said charge, and there
remain from day to day and term to term of said courts, until
discharged by due course of law, then and there to answer said
accusation against him, this obligation shall become void,
otherwise to remain in full force and effect.


 The filing of an appeal bond in a criminal case, in and of itself, does not
communicate a desire to appeal.

 Appellant cites Miles v. State, 842 S.W.2d 278, 279 n.1 (Tex. Crim. App.
1989). In that case, the State filed a petition for discretionary review from an
interlocutory order of the Seventh Court of Appeals granting an extension of time to
file notice of appeal. The petition was refused because the interlocutory order did not
finally dispose of the case. In a footnote, the court stated that the appeal bond was
sufficient to constitute a notice of appeal under former Rule 40(b)(1) of the 1986
Texas Rules of Appellate Procedure. This was mere dicta because the court
dismissed the petition for discretionary review without reaching the merits of the
State's argument. Also, we are not bound by the contents of footnotes, as the Court
of Criminal Appeals itself has declared that its footnotes are dicta. Young v. State,
826 S.W.2d 141, 144-45 n.5 (Tex. Crim. App. 1991); see also Cooper v. State, 917
S.W.2d 474, 476 n.2 (Tex. App.--Fort Worth 1996, pet. ref'd) (noting that, although
Miles appears at 842 S.W.2d 278, Texas Court of Criminal Appeals' Clerk verified
this Opinion on Appellant's Motion for Rehearing was designated by court as "Do
Not Publish"). (2)

 The Court of Criminal Appeals also found an appeal bond to be an adequate
substitute for notice of appeal under former article 44.08 (3) of the Texas Code of
Criminal Procedure because the bond "adequately expressed his desire to appeal." 
Sklar v. State, 764 S.W.2d 778, 781 (Tex. Crim. App. 1987). Even an oral notice of
appeal was sufficient under the former article, however. There was no requirement
of a written notice of appeal that showed a desire to appeal. Thus, Sklar, like Miles,
is inapplicable to this appeal.

 We are aware of no opinion from the Court of Criminal Appeals holding
that an appeal bond satisfies the requirements of present Rule 25.2(a), (b)(1) and (2). 
We hold the bond does not comply with the requirements of Rule 25.2 of the Texas
Rules of Appellate Procedure because it is not a written notice that shows the party's
desire to appeal. Tex. R. App. P. 25.2(a), (b)(1), (2). (4)


Equitable Argument

 Appellant further argues that he "has made a bona fide effort to invoke the
Appellate Court's jurisdiction sufficient to prevent dismissal for want of
prosecution," citing Linwood v. NCNB Texas, 885 S.W.2d 102 (Tex. 1994). In
Linwood, the Texas Supreme Court followed its opinion in Grand Prairie Indep. Sch.
Dist. v. Southern Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991), and held that
the court of appeals had jurisdiction over the appeal even though the cost bond was
filed after the 30-day time limit. Linwood, 885 S.W.2d at 103. The Linwood case
was cited to the Court of Criminal Appeals by the defendant in Olivo, 918 S.W.2d at
521. The court rejected the argument and held that the failure to file a timely motion
for extension of time to file notice of appeal deprived the court of appeals of
jurisdiction. Id., at 526. The Texas Supreme Court acknowledged in Verburgt v.
Dorner, 959 S.W.2d 615, 616 (Tex. 1997), that its "more liberal approach" to
appellate jurisdiction "differed significantly" from the approach taken by the Court
of Criminal Appeals. We also note that a criminal appellant, unlike his civil
counterpart, may pursue an out-of-time appeal by filing a petition for writ of habeas
corpus. Rivera v. State, 940 S.W.2d 148, 149 (Tex. App.--San Antonio 1996, no
pet.); Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002).



Out-of-Time Appeal

 Finally, appellant contends that he is entitled to an out-of-time appeal. The
appropriate vehicle for seeking an out-of-time appeal from a final felony conviction
is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002). This
Court has no original habeas corpus jurisdiction in criminal cases. See Board of
Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth District, 910
S.W.2d 481, 483 (Tex. Crim. App. 1995).

Conclusion

 Appellate jurisdiction is invoked by giving notice of appeal. The notice of
appeal must be timely and must be in writing to invoke a court of appeals'
jurisdiction. State v. Riewe, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000). Because
appellant did not file a timely written notice of appeal, the appeal is dismissed for
lack of jurisdiction.



 Sam Nuchia

 Justice


Panel consists of Justices Mirabal, Nuchia, and Price. (5)

Justice Mirabal dissenting.

Publish. Tex. R. App. P. 47.
1. Rule 25.2(a) and (b)(1) and (2) read, in pertinent part, as follows:


 (a) Perfection of Appeal. In a criminal case, appeal is perfected
by timely filing a notice of appeal. . . .


 (b) Form and Sufficiency of Notice.


 (1) Notice must be given in writing and filed with the trial
court clerk.


 (2) Notice is sufficient if it shows the party's desire to appeal
from the judgment or other appealable order, . . . .


 Tex. R. App. P. 25.2(a), (b)(1), (2).
2. This Court relied on Miles in Buchanan v. State, 881 S.W.2d 376, 378 (Tex.
App.--Houston [1st Dist.] 1994), dism'd in part, remanded in part, 911
S.W.2d 11 (Tex. Crim. App. 1995), for the proposition that there could be
substantial compliance with former Rule 40(b)(1). The issue in that case was
the sufficiency of a motion for a statement of facts (now the reporter's record)
to substitute for a written notice of appeal, not the sufficiency of a bond to so
substitute. 
3. Repealed by Act of May 27, 1985, 69th Leg., R.S., ch. 685, §§ 1-4, 1985 Tex.
Gen. Laws 2472, 2472-73.
4. We do not believe the law is that no written notice of appeal need be filed in
a case in which an appeal bond is filed before the deadline for filing notice of
appeal. That would be the result of ruling as the dissent urges us to.
5. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.