James Edward STARKOVICH a/k/a
Jim Starkovich, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–02–01356–CR.

Court of Appeals of Texas,
Dallas.

July 2, 2003.

James Edward Starkovich, McKinney,
pro se.

Lorin M. Subar, Law Office of Lorin M.
Subar, Dallas, for appellee.

John Roach, Criminal District Attorney,
Katharine K. Decker, McKinney, for state.

Before Justices MORRIS, WRIGHT,
and MOSELEY.

## MEMORANDUM OPINION

PER CURIAM.

James Edward Starkovich was con-
victed of theft of property having a value
of $1500 or more but less than $20,000.
Sentence of 180 days confinement in the
state jail was imposed on June 17, 2002.
No motion for new trial was filed; there-
fore, appellant's notice of appeal was due
by July 17, 2002. *See* TEX.R.APP. P.
26.2(a)(1). Appellant filed an appeal bond
on June 17, 2002. He did not, however,
file his notice of appeal until August 8,
2002. For the reasons that follow, we
conclude we have no jurisdiction over the
appeal.

Rule 25.2 [1] establishes the method
for perfecting an appeal in a criminal case.
Rule 25.2(b) provides: "In a criminal case,
appeal is perfected by timely filing a suffi-
cient notice of appeal." TEX.R.APP. P.
25.2(b). Rule 25.2(c) states:

(1) Notice must be given in writing and
filed with the trial court clerk.

---

**1.** Rule 25.2 was amended, effective January 1,
2003. However, the substance of the rule
requiring written notice of appeal was not
changed. Therefore, we cite to the new ver-
sion of rule 25.2.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order....

TEX.R.APP. P. 25.2(c). The filing of an appeal bond in a criminal case does not, in and of itself, communicate a desire to appeal. *Ashorn v. State,* 77 S.W.3d 405, 408 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). Rather, it is a means of securing release from custody during the pendency of an appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 44.04 (Vernon Supp.2003).

We recognize there is language in *Miles v. State,* 842 S.W.2d 278, 279 n. 1 (Tex. Crim.App.1989) (op. on reh'g) (per curiam), and *Sklar v. State,* 764 S.W.2d 778 (Tex. Crim.App.1987), indicating an appeal bond was sufficient to express the appellants' desire to appeal. However, the language in *Miles* is contained in a footnote, and the Texas Court of Criminal Appeals has said its footnotes are dicta and it is not bound by them. *See Ex parte Alexander,* 861 S.W.2d 921, 922 (Tex.Crim.App.1993); *Young v. State,* 826 S.W.2d 141, 144–45 n. 5 (Tex.Crim.App.1991). Further, *Sklar* was decided under former article 44.08, which provided that a notice of appeal could be given either orally in open court or in writing. *See* Act of May 31, 1981, 67th Leg., R.S., ch. 291, § 127, 1981 Tex. Gen. Laws 814, 814–15, *repealed by* Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 4, 1985 Tex. Gen. Laws 2472, 2472–73 (authorizing enactment of Texas Rules of Appellate Procedure).

We are aware of no opinion from the Texas Court of Criminal Appeals holding that an appeal bond satisfies the notice of appeal requirement under rule 25.2. *See Ashorn,* 77 S.W.3d at 409. In fact, the court recently held, in addressing the extra-notice requirements of former rule 25.2(b)(3), that to invoke the appellate court's jurisdiction, the notice of appeal itself must substantially comply with the rule. *Johnson v. State,* 84 S.W.3d 658, 660 (Tex.Crim.App.2002). The appellate court may not look elsewhere in the record to find its jurisdiction. *See id.* Accordingly, we conclude the appeal bond does not satisfy the notice of appeal requirements of rule 25.2.

Appellant did not file a motion for new trial; therefore, his notice of appeal was due by July 17, 2002. *See* TEX.R.APP. P. 26.2(a)(1). Because appellant's August 8, 2002 notice of appeal was untimely, we do not have jurisdiction over the appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex. Crim.App.1998) (per curiam); *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim.App. 1996); *Boyd v. State,* 971 S.W.2d 603, 605– 06 (Tex.App.-Dallas 1998, no pet.).

Accordingly, we dismiss the appeal for want of jurisdiction.

