**Edmond Hermon ASHORN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–00904–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 2, 2002.

Floyd H. Christian, Angleton, Jim Tatum, Houston, for Appellant.

Jeri Yenne, Criminal District Attorney, Angleton, for Appellee.

Panel consists of Justices MIRABAL, NUCHIA, and FRANK C. PRICE.*

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION ON MOTION FOR REHEARING

SAM NUCHIA, Justice.

We issued an opinion dismissing this appeal for lack of jurisdiction on October 25, 2001. On November 7, 2001, appellant's counsel filed a Motion for Reconsideration and for Out Of Time Appeal that we will consider as a motion for rehearing. The motion for rehearing is **denied.** However, we withdraw our opinion of October 25, 2001, and issue the following opinion in its place.

### Background Facts

Appellant was convicted by a jury of possession with intent to deliver a controlled substance, namely, methamphetamine, in an amount of at least four grams but less than 200 grams. Punishment was assessed by the court at confinement for eight years. Appellant was sentenced on August 6, 2001. No motion for new trial was filed. The deadline for filing notice of appeal was therefore September 5, 2001, 30 days after sentencing. *See* Tex.R.App. P. 26.2(a)(1). Written notice of appeal was not filed until September 26, 2001, 21 days after the deadline.

In our original opinion, we dismissed this appeal because no timely written notice of appeal was filed. *See Slaton v. State*, 981 S.W.2d 208, 209–10 (Tex.Crim. App.1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App.1996); Tex.R.App. P. 26.2(a).

### Oral Notice of Appeal

■ Appellant first argues that he gave oral notice of appeal when he was sentenced. According to the trial court's docket sheet, this is correct. Nevertheless, timely *written* notice of appeal must be filed in order to confer this Court with jurisdiction. "[A]n oral notice of appeal, no matter how many times it is memorialized in documents signed by clerks or trial courts, is still an *oral* notice of appeal." *Brunswick v. State*, 931 S.W.2d 9, 11 (Tex. App.-Houston [1st Dist.] 1996, no pet.); Tex.R.App. P. 25.2(b)(1). We hold appellant's oral notice of appeal was insufficient to vest this Court with jurisdiction.

### Request for the Reporter's Record

■ Appellant next argues that, on June 28, 2001, before his sentencing, he requested that the court reporter prepare a record, and that this request satisfied the requirement of Rule 25.2(b)(2) of the Rules of Appellate Procedure that the notice is sufficient if it "shows the party's desire to appeal." [1] However, no such document appears in the record. Therefore, this argument is unsupported and will not be considered. *Janecka v. State*, 937 S.W.2d 456, 476 (Tex.Crim.App.1996).

### Posting of Bond

Appellant also argues that he posted an appeal bond, and that this was sufficient to constitute written notice of appeal.

The bond, dated August 6, 2001, and filed with the District Clerk 10 days later, is a cash bond with the words "Appeals bond" handwritten near the top, the substance of which states:

That I, EDMOND HERMAN AS-HORN, as principal, am bound unto the

---

1. Rule 25.2(a) and (b)(1) and (2) read, in pertinent part, as follows:
   (a) *Perfection of Appeal.* In a criminal case, appeal is perfected by timely filing a notice of appeal. . . .
   (b) *Form and Sufficiency of Notice.*
   (1) Notice must be given in writing and filed with the trial court clerk.
   (2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, . . . .
   Tex.R.App. P. 25.2(a), (b)(1), (2).

State of Texas, in the penal sum of six thousand dollars ($6000.00) Dollars and, in addition thereto, I am bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting me, the said principal, in the event any of the hereinafter stated conditions of this bond are violated, for the payment of which sum or sums well and truly to be made. I do bind myself, my heirs, executors and administrators, jointly and severally.

THE CONDITION OF THIS BOND IS THAT THE DEFENDANT HAS BEEN CHARGED WITH A Fel[ony] offense and to secure his release from custody is entering into this obligation binding him to appear before the appropriate Court of Brazoria County, Texas, instanter.

NOW THEREFORE, IF THE SAID PRINCIPAL SHALL WELL AND TRULY MAKE HIS PERSONAL APPEARANCE BEFORE SAID COURT INSTANTER AS well as before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void, otherwise to remain in full force and effect.

■ The filing of an appeal bond in a criminal case, in and of itself, does not communicate a desire to appeal.

■ Appellant cites *Miles v. State*, 842 S.W.2d 278, 279 n. 1 (Tex.Crim.App.1989). In that case, the State filed a petition for discretionary review from an interlocutory order of the Seventh Court of Appeals granting an extension of time to file notice of appeal. The petition was refused because the interlocutory order did not finally dispose of the case. In a footnote, the court stated that the appeal bond was sufficient to constitute a notice of appeal under former Rule 40(b)(1) of the 1986 Texas Rules of Appellate Procedure. This was mere dicta because the court dismissed the petition for discretionary review without reaching the merits of the State's argument. Also, we are not bound by the contents of footnotes, as the Court of Criminal Appeals itself has declared that its footnotes are dicta. *Young v. State*, 826 S.W.2d 141, 144–45 n. 5 (Tex.Crim. App.1991); *see also Cooper v. State*, 917 S.W.2d 474, 476 n. 2 (Tex.App.-Fort Worth 1996, pet. ref'd) (noting that, although *Miles* appears at 842 S.W.2d 278, Texas Court of Criminal Appeals' Clerk verified this Opinion on Appellant's Motion for Rehearing was designated by court as "Do Not Publish").[2]

The Court of Criminal Appeals also found an appeal bond to be an adequate substitute for notice of appeal under former article 44.08 [3] of the Texas Code of Criminal Procedure because the bond "adequately expressed his desire to appeal." *Sklar v. State*, 764 S.W.2d 778, 781 (Tex. Crim.App.1987). Even an *oral* notice of appeal was sufficient under the former

**2.** This Court relied on *Miles* in *Buchanan v. State*, 881 S.W.2d 376, 378 (Tex.App.-Houston [1st Dist.] 1994), *dism'd in part, remanded in part*, 911 S.W.2d 11 (Tex.Crim.App.1995), for the proposition that there could be substantial compliance with former Rule 40(b)(1). The issue in that case was the sufficiency of a motion for a statement of facts (now the re-

porter's record) to substitute for a written notice of appeal, not the sufficiency of a bond to so substitute.

**3.** *Repealed by* Act of May 27, 1985, 69th Leg., R.S., ch. 685, §§ 1–4, 1985 Tex. Gen. Laws 2472, 2472–73.

article, however. There was no requirement of a written notice of appeal that showed a desire to appeal. Thus, *Sklar,* like *Miles,* is inapplicable to this appeal.

We are aware of no opinion from the Court of Criminal Appeals holding that an appeal bond satisfies the requirements of present Rule 25.2(a), (b)(1) and (2). We hold the bond does not comply with the requirements of Rule 25.2 of the Texas Rules of Appellate Procedure because it is not a written notice that shows the party's desire to appeal. TEX.R.APP. P. 25.2(a), (b)(1), (2).[4]

### Equitable Argument

■ Appellant further argues that he "has made a bona fide effort to invoke the Appellate Court's jurisdiction sufficient to prevent dismissal for want of prosecution," citing *Linwood v. NCNB Texas,* 885 S.W.2d 102 (Tex.1994). In *Linwood,* the Texas Supreme Court followed its opinion in *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991), and held that the court of appeals had jurisdiction over the appeal even though the cost bond was filed after the 30 day time limit. *Linwood,* 885 S.W.2d at 103. The *Linwood* case was cited to the Court of Criminal Appeals by the defendant in *Olivo,* 918 S.W.2d at 521. The court rejected the argument and held that the failure to file a timely motion for extension of time to file notice of appeal deprived the court of appeals of jurisdiction. *Id.,* at 526. The Texas Supreme Court acknowledged in *Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex.1997), that its "more liberal approach" to appellate jurisdiction "differed significantly" from the approach taken by the Court of Criminal Appeals. We also note that a criminal appellant, unlike his civil counterpart, may pursue an out-of-time appeal by filing a petition for writ of habeas corpus. *Rivera v. State,* 940 S.W.2d 148, 149 (Tex.App.-San Antonio 1996, no pet.); TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp.2002).

### Out–of–Time Appeal

■ Finally, appellant contends that he is entitled to an out-of-time appeal. The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp.2002). This Court has no original habeas corpus jurisdiction in criminal cases. *See Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth District,* 910 S.W.2d 481, 483 (Tex.Crim.App.1995).

### Conclusion

■ Appellate jurisdiction is invoked by giving notice of appeal. The notice of appeal must be timely and must be in writing to invoke a court of appeals' jurisdiction. *State v. Riewe,* 13 S.W.3d 408, 410 (Tex.Crim.App.2000). Because appellant did not file a timely written notice of appeal, the appeal is dismissed for lack of jurisdiction.

MARGARET GARNER MIRABAL, Justice, dissenting.

I dissent.

The record shows that appellant complied with Rule 25.2 by filing a timely notice of appeal. *See* TEX.R.APP. P. 25.2. Accordingly, we have jurisdiction of this appeal.

### The Law

Rule 25.2(a) and (b) reads, in relevant part:

---

4. We do not believe the law is that no written notice of appeal need be filed in a case in which an appeal bond is filed before the deadline for filing notice of appeal. That would be the result of ruling as the dissent urges us to.

(a) *Perfection of Appeal.* In a criminal case, appeal is perfected by timely filing a notice of appeal....

(b) *Form and Sufficiency of Notice.*

(1) Notice must be given in writing and filed with the trial court clerk.

(2) **Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order,**
....

TEX.R.APP. P. 25.2(a)-(b)(2) (emphasis added).

In *Miles v. State,* the Texas Court of Criminal Appeals specifically stated that a written appeal bond filed with the trial court is "sufficient to constitute a notice of appeal" under the Rules. 842 S.W.2d 278, 279 n. 1 (Tex.Crim.App.1989).

### The Facts

After a jury trial, appellant was sentenced on August 6, 2001.[1] *On the same day,* appellant gave *oral notice of appeal,* the sum of $6,000 *was paid* to the Brazoria County Sheriff's Department on appellant's behalf, and appellant *signed* a bail bond document with **"Appeals Bond"** hand-printed in bold letters at the top. The appeal bond is file-stamped showing it was filed with the district clerk of Brazoria County on August 16, 2001, well before the September 5, 2001 deadline for filing notice of appeal.

### CONCLUSION

As a matter of law, when a party timely files a written document with the trial court clerk that shows the party's desire to appeal a criminal judgment entered after a trial on a *plea of not guilty,* the appeal is duly perfected.[2] TEX.R.APP. P. 25.2(a), (b). The appeal bond filed in this case duly perfected the appeal of the judgment. *See Miles,* 842 S.W.2d at 279 n. 1. Accordingly, we should grant appellant's motion for rehearing, withdraw our opinion and judgment dated October 25, 2001 that dismissed appellant's appeal for lack of jurisdiction, and reinstate the appeal on our docket.

---

1. This case does not involve the requirements of a notice of appeal filed after a judgment is entered on a plea of guilty pursuant to a plea bargain. Appellant pled not guilty and the case was tried to a jury.

2. Respectfully, in footnote 4 the majority opinion misstates the effect of the law. It is not true that "no written notice of appeal need be filed in a case in which an appeal bond is filed before the deadline for filing notice of appeal." For example, in a plea-bargained felony case, when a judgment is rendered on a plea of guilty or nolo contende-

re in accordance with the plea agreement, a notice of appeal complying with Rule 25.2(b)(3) must be filed to confer jurisdiction on the appellate court; an appeal bond alone would not perfect the appeal in such a case. I stress again that this is not a plea bargain case. Judgment was entered after a jury trial. Appellant orally told the trial judge he wanted to appeal, he followed through immediately with the filing of an "appeal bond," and he proceeded with the appeal represented by appellate counsel. Rule 25.2(b)(2) controls, and we have jurisdiction.