lee, elmer edward v. state 




 NO. 12-02-00159-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




DAVID CARTER MCCOY,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW NO. 3 OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







MEMORANDUM OPINION (1)


 Appellant was convicted by a jury for an expired motor vehicle registration. The jury
assessed a $250.00 fine, and Appellant was sentenced on December 5, 2001. No motion for new
trial was filed. Rule 26.2 of the Texas Rules of Appellate Procedure (2) provides that an appeal is
perfected when notice of appeal is filed within thirty days after the day sentence is imposed or
suspended in open court unless a motion for new trial is timely filed. Because Appellant did not file
a motion for new trial, his notice of appeal was due to have been filed on or before January 4, 2002. 
However, Appellant did not file his notice of appeal until June 4, 2002. Moreover, Appellant did
not file a timely motion for extension of time to file his notice of appeal as authorized by Rule 26.3. 
 On June 11, 2002, this Court notified Appellant, pursuant to Rules 26.2 and 37.2, that the
information received in this appeal does not show the jurisdiction of this Court, and it gave him ten
days to correct the defect. Appellant has filed his response to our notification.

 In his response, Appellant first states that he gave oral notice of appeal at the conclusion of
the trial. However, timely written notice of appeal is required by Rule 25.2(b)(1). We therefore hold
that any oral notice of appeal given by Appellant is insufficient to vest this court with jurisdiction.

 Appellant next states that his notice of appeal was incorporated into the appeal bond that he
filed on January 17, 2002. The bond is entitled "Appeal Bond" and states "[t]hat THE STATE OF
TEXAS do have and recover of the same Defendant the sum of the fine imposed by the Court and
all costs of said prosecution, from which judgement [sic] said Defendant, David C. McCoy, has
appealed to the 12th Circuit Court of Appeals, Tyler, Texas." The bond further provides that it is
"CONDITIONED, that the above bounden David C. McCoy shall well and truly make his
appearance before the 12th Circuit Court of Appeals, Tyler, Texas, at its next regular term, beginning
(instanter) and there remain from day to day and term to term answer in said cause on appeal in said
court."

 We are not aware of any opinion from the court of criminal appeals that holds an appeal bond
is an adequate substitute for a written notice of appeal under Rule 25.2. We further note that at least
one court of appeals, in interpreting Rule 25.2, has held that the filing of an appeal bond in a criminal
case, in and of itself, does not communicate a desire to appeal as required by Rule 25.2(b)(2). 
Ashorn v. State, No. 01-01-00904-CR, 2002 WL 827190, at *2 (Tex. App.- Houston [1st Dist.] May
2, 2002, no pet.). We adopt the reasoning in Ashorn and hold that Appellant's bond does not
comply with the requirements of Rule 25.2. Therefore, the bond does not invoke our jurisdiction
to consider the merits of this appeal.

 The failure to timely file a notice of appeal is more than a mere procedural irregularity and
constitutes a jurisdictional defect. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). 
Appellate jurisdiction is invoked by giving notice of appeal, and the notice must be timely and in
writing. State v. Riewe, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); Rule 25.2(a), (b)(1). Because
Appellant did not file a timely written notice of appeal, we can take no action other than to dismiss
the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Accordingly, this appeal
is dismissed for want of jurisdiction. 

Opinion delivered June 28, 2002.

Panel consisted of Worthen, J., and Griffith, J.

 


(DO NOT PUBLISH)
1. See Tex. R. App. P. 47.1.
2. All further rule references will be to the current edition of the Texas Rules of Appellate Procedure unless
otherwise specified.