NO. 07-03-0297-CR



IN THE COURT OF APPEALS
 


FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 29, 2003


______________________________



SHAWN O'CONNELL LEWIS
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 44,391-E; HON. RICHARD DAMBOLD, PRESIDING


_______________________________


 

Opinion Dismissing Appeal


______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Shawn O'Connell Lewis attempts to appeal his conviction for driving while
intoxicated. The court imposed his sentence in open court on April 19, 2002. At that time,
he orally informed the trial court of his desire to appeal. However, the record contains no
written notice of appeal filed within 30 days of April 19th. Nor does it contain a timely filed
motion for new trial. Instead, the first written instrument wherein he mentions his desire
to appeal was sent to the district clerk and file-marked July 17, 2002. In it, appellant asked
about the status of his appeal.

 Our appellate jurisdiction is triggered through a notice of appeal. Ashorn v. State,
77 S.W.3d 405, 409 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd). The notice must not
only be timely but also in writing. State v. Riewe, 13 S.W.3d 408, 410 (Tex. Crim. App.
2000); Ashorn v. State, 77 S.W.3d at 409; see Tex. R. App. P. 25.2(c) (requiring a written
notice of appeal). An oral notice, even if made in open court, does not suffice. Shute v.
State, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988); Ashorn v. State, 77 S.W.3d at 407;
Brunswick v. State, 931 S.W.2d 9, 11 (Tex. App.-Houston [1st Dist.] 1996, no pet.). Given
this, appellant's oral notice on April 19, 2002, failed to satisfy appellate rule 25.2(c) and
trigger our jurisdiction. Nor did the missive file-marked by the district clerk in July of 2002
fill the void given its belatedness (and assuming it satisfied the other requirements of Rule
25.2).

 Consequently, we dismiss the appeal for want of jurisdiction. (1)

 

 Brian Quinn

 Justice


Do not publish.
1. The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of
habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 11.07 (Vernon Supp. 2004).




e limits established by the TRAP
for appellant's appeals process. As Rule 2 has been interpreted in Oldham and Riewe,
we cannot suspend the operation of Rule 21.8 and extend the time for the trial court to rule
on appellant's amended motion for new trial under the circumstances presented by
appellant. Thus, assuming appellant, the State, and the trial judge agreed on the proposal
as described in appellant's motion, we still must, and therefore do, deny appellant's
motion. 

 Per Curiam


Do not publish.

1. Further references to the rules of appellate procedure will be by reference to "Rule"
or "TRAP."