NO. 07-03-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 29, 2003
_____

SHAWN O'CONNELL LEWIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 44,391-E; HON. RICHARD DAMBOLD, PRESIDING
_____

*Opinion Dismissing Appeal*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Shawn O'Connell Lewis attempts to appeal his conviction for driving while intoxicated. The court imposed his sentence in open court on April 19, 2002. At that time, he orally informed the trial court of his desire to appeal. However, the record contains no written notice of appeal filed within 30 days of April 19th. Nor does it contain a timely filed motion for new trial. Instead, the first written instrument wherein he mentions his desire

to appeal was sent to the district clerk and file-marked July 17, 2002. In it, appellant asked about the status of his appeal.

Our appellate jurisdiction is triggered through a notice of appeal. *Ashorn v. State*, 77 S.W.3d 405, 409 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd). The notice must not only be timely but also in writing. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); *Ashorn v. State*, 77 S.W.3d at 409; *see* TEX. R. APP. P. 25.2(c) (requiring a written notice of appeal). An oral notice, even if made in open court, does not suffice. *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988); *Ashorn v. State*, 77 S.W.3d at 407; *Brunswick v. State*, 931 S.W.2d 9, 11 (Tex. App.–Houston [1st Dist.] 1996, no pet.). Given this, appellant's oral notice on April 19, 2002, failed to satisfy appellate rule 25.2(c) and trigger our jurisdiction. Nor did the missive file-marked by the district clerk in July of 2002 fill the void given its belatedness (and assuming it satisfied the other requirements of Rule 25.2).

Consequently, we dismiss the appeal for want of jurisdiction.[1]

Brian Quinn
Justice

Do not publish.

---

[1] The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2004).