NO. 07-03-0297-CR

IN THE COURT OF APPEALS 

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 29, 2003

______________________________

SHAWN O’CONNELL LEWIS,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 108TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 44,391-E; HON. RICHARD DAMBOLD, PRESIDING

_______________________________

Opinion Dismissing Appeal

______________________________

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Shawn O’Connell Lewis attempts to appeal his conviction for driving while intoxicated.  The court imposed his sentence in open court on April 19, 2002.  At that time, he orally informed the trial court of his desire to appeal.  However, the record contains no written notice of appeal filed within 30 days of April 19
th
.  Nor does it contain a timely filed motion for new trial.  Instead, the first written instrument wherein he mentions his desire to appeal was sent to the district clerk and file-marked July 17, 2002.  In it, appellant asked about the status of his appeal.

Our appellate jurisdiction 
is triggered through a notice of appeal.  
Ashorn v. State
, 77 S.W.3d 405, 409 (Tex. App.–Houston [1
st
 Dist.] 2002, pet. ref’d).  The notice must not only be timely but also in writing.  
State v. Riewe
, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); 
Ashorn v. State
, 77 S.W.3d at 409; 
see 
Tex. R. App. P.
 25.2(c) (requiring a written notice of appeal)
.  An oral notice, even if made in open court, does not suffice.  
Shute v. State
, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988); 
Ashorn v. State
, 77 S.W.3d at 407; 
Brunswick v. State
, 931 S.W.2d 9, 11 (Tex. App.–Houston [1
st
 Dist.] 1996, no pet.).  Given this, appellant’s oral notice on April 19, 2002, failed to satisfy appellate rule 25.2(c) and trigger our jurisdiction.  Nor did the missive file-marked by the district clerk in July of 2002 fill the void given its belatedness (and assuming it satisfied the other requirements of Rule 25.2)
.

Consequently, we dismiss the appeal for want of jurisdiction.
(footnote: 1)
 

Brian Quinn

   Justice

Do not publish.

FOOTNOTES
1:
The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to 
Article 11.07 of the Texas Code of Criminal Procedure.
  
See 
Tex. Code Crim. Proc. Ann.
 art. 11.07
 (Vernon Supp. 2004).