In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-225 CR


____________________



BRUCE DEWAYNE CURRIE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 17,579






 MEMORANDUM OPINION 


 Within thirty days of sentencing, Bruce Dewayne Currie filed a document titled
"Pauper's Oath on Appeal" that also includes the trial court's order appointing counsel on
appeal and the trial court's directions to the court reporter to prepare a record. Upon
receiving the clerk's record, we questioned our jurisdiction over the appeal because the
clerk's record did not contain a notice of appeal. In response to our inquiry, appellant
contends the document containing the pauper's oath is a notice of appeal that may be
corrected by filing an amended notice of appeal in the appellate court. Because the Court of
Criminal Appeals has decided this issue adversely to the position advocated by the appellant,
we must reject his argument and dismiss the appeal.

 The Court of Criminal Appeals held an identical document did not invoke appellate
jurisdiction. Shute v. State, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988). (1) Although Shute
was decided under the 1986 version of the Texas Rules of Appellate Procedure, in 1986 the
requirements for a notice of appeal were the same for cases, like Shute's, that did not involve
plea bargains, as they are for all cases under the present rules. (2) The Court held the document,
and the court's acknowledgment of oral notice of appeal, was not the "independent written
notice of appeal" required to perfect appeal. Id. More recently, the Court of Criminal
Appeals held appeal had not been timely perfected when trial counsel filed a motion to
withdraw and request for court appointed counsel with an affidavit of indigence within thirty
days of sentencing. Jones v. State, 98 S.W.3d 700, 702 (Tex. Crim. App. 2003). The Court
of Criminal Appeals held the documents put the trial court on notice of the defendant's desire
to appeal, but did not hold that the documents functioned as a notice of appeal. Id. The court
held trial counsel failed to perform his responsibilities when he did not contemporaneously
file a pro se written notice of appeal with the motion to withdraw, held the trial court erred
when it permitted trial counsel to withdraw without appointing appellate counsel, and ordered
an out-of-time appeal. Id. at 703-04. As an intermediate appellate court, we are not
authorized to grant out-of-time appeals. Ashorn v. State, 77 S.W.3d 405, 409 (Tex.
App.-Houston [1st Dist.] 2002, pet. ref'd). 

 Appellant contends his primary appellate issue consists of a challenge to the trial
court's jurisdiction on double jeopardy grounds, and argues we have jurisdiction to determine
whether the trial court had jurisdiction. Even a challenge to the authority of a trial court that
may be raised at any time must be made to a court with jurisdiction to hear the complaint. 
Chavez v. State, 183 S.W.3d 675, 678, n.4 (Tex. Crim. App. 2005). 

 The appellant did not file notice of appeal within the time permitted for perfecting
appeal. The Court finds notice of appeal was not timely filed. Tex. R. App. P. 26.2. The
appellant did not obtain an out-of-time appeal. The Court finds it is without jurisdiction over
the appeal. Accordingly, the appeal is dismissed for lack of jurisdiction.

 APPEAL DISMISSED.

 


 ___________________________

 HOLLIS HORTON

 Justice


Opinion Delivered August 30, 2006 

Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. A dissenting justice attached the document as an appendix to his opinion. Shute v.
State, 98 S.W.2d at 104 (Teague, J., dissenting). With the exception of the information filled
in the blanks and the defendant's signature, the document in this case is identical in every
respect to the document in Shute. 
2. The text of former Rule of Appellate Procedure 40(b)(1) stated, in pertinent part:

 Appeal is perfected in a criminal case by giving timely notice of appeal;
. . . Notice of appeal shall be given in writing filed with the clerk of the trial
court. Such notice shall be sufficient if it shows the desire of the defendant to
appeal from the judgment or other appealable order; . . . ."