

# NUMBER 13-20-00273-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ROGELIO MARTINEZ,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

### On appeal from the 197th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

On June 24, 2020, Rogelio Martinez filed a notice of appeal from a judgment rendered in cause number 2011-DCR-2120-C in the 197th District Court of Cameron County, Texas. According to the judgment, appellant was convicted of the first-degree felony offense of burglary of a habitation and was sentenced to ninety-nine years of

imprisonment. *See* TEX. PENAL CODE ANN. § 30.02. The judgment, which was signed on February 29, 2012, indicates that sentence was imposed in this case on February 27, 2012.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the day sentence is imposed in open court, or ninety days after the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1),(2); *Smith*, 559 S.W.3d at 531. While a court of appeals may extend the time to file the notice of appeal, both the notice of appeal and the motion for extension of time must be filed within fifteen days after the deadline for filing the notice of appeal. *See id.* R. 26.3. In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Ex parte Matthews*, 452 S.W.3d 8, 11 (Tex. App.—San Antonio 2014, no pet.).

Here, appellant's notice of appeal was filed more than eight years after sentence was imposed and is untimely. *See* TEX. R. APP. P. 26.2(a)(1),(2). On July 15, 2020, the Clerk of the Court notified appellant of this defect so that it could be corrected, if possible, and advised appellant that the appeal would be dismissed if the defect was not cured. *See* TEX. R. APP. P. 37.1. Appellant did not respond to the Court's directive. We note that only the Texas Court of Criminal Appeals has jurisdiction to grant appellant an out-of-time

appeal for his felony conviction. *See* TEX. CODE CRIM. PROC. art. 11.07; *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). This Court has no original habeas corpus jurisdiction in criminal cases. *See Bd. of Pardons and Paroles ex rel. Keene v. Ct. of Apps. for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Ashorn v. State*, 77 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Accordingly, we dismiss the appeal and all relief sought therein for lack of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).


Delivered and filed the
30th day of December, 2020.

3