**Opinion filed May 20, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00089-CR

_____

## IN RE JAMES EVERETT PRICE

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Relator, James Everett Price, filed this original petition for writ of mandamus in which he requests that we instruct Clarissa Webster, District Clerk of Ector County, Texas, to provide Relator with a record so that he may file an appeal.

This court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2020). Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to (1) writs against a judge of a district or county court in the court of appeals' district, (2) writs against a district judge acting as magistrate in a court of inquiry in the court of appeals' district, and (3) writs necessary to enforce the court of appeals' jurisdiction. *Id.* We have no authority to issue a writ of mandamus against a district

clerk unless it is necessary to enforce our jurisdiction. *See In re Hernandez*, No. 11-21-00037-CV, 2021 WL 1148736, at *1 (Tex. App.—Eastland Mar. 25, 2021, orig. proceeding) (mem. op.) (per curiam).

Relator has not provided a mandamus record of any proceedings in the trial court and has not established that he sought relief from the trial court, that the trial court has refused to grant any requested relief, or that Relator has appealed any adverse ruling by the trial court to this court. Therefore, the relief requested by Relator is not necessary to protect this court's jurisdiction.

Further, to the extent that Relator seeks to appeal from the October 21, 2019 conviction, the exclusive post-conviction remedy from a final felony conviction is through a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). This court does not have original habeas jurisdiction and has no authority to grant an out-of-time appeal. *See Ashorn v. State*, 77 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (stating that the Texas Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings").

We dismiss the petition for writ of mandamus for lack of jurisdiction.


PER CURIAM

May 20, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2