

# NUMBERS 13-21-00110-CR & 13-21-00111-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ELIAS NOE SANCHEZ,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 214th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Chief Justice Contreras**

Appellant Elias Noe Sanchez, proceeding pro se, filed a notice of appeal from his

judgment of conviction for aggravated assault with a deadly weapon, unlawful restraint

with exposure to severe bodily injury, and assault—family violence—in trial court cause

number 19FC-4245F in the 214th District Court of Nueces County, Texas. *See* TEX. PENAL

CODE ANN. §§ 22.02(a)(2), 20.02(c)(2)(A), 22.01(b)(2)(A). We docketed this appeal in our

appellate cause number 13-21-00110-CR. Appellant similarly filed a pro se notice of appeal from his judgment of conviction for second-degree felony possession of a controlled substance in trial court cause number 19FC-3887F in the 214th District Court of Nueces County, Texas. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d). We docketed this appeal in our appellate cause number 13-21-00111-CR. In the interests of judicial efficiency and economy, we address both appeals in this single opinion. We dismiss the appeals for want of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the day sentence is imposed in open court, or ninety days after the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1),(2); *Smith*, 559 S.W.3d at 531. While a court of appeals may extend the time to file the notice of appeal, both the notice of appeal and the motion for extension of time must be filed within fifteen days after the deadline for filing the notice of appeal. *See id.* R. 26.3. In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Ex parte Matthews*, 452 S.W.3d 8, 11 (Tex. App.—San Antonio 2014, no pet.).

The trial court imposed sentence in each of these cases on October 27, 2020.

2

Appellant did not file a motion for new trial in either case. Accordingly, appellant's notices of appeal were due within thirty days after the day sentence was imposed in open court, or by November 30, 2020, after giving due consideration in this calculation to Saturday, Sunday, and legal holidays. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1),(2); *Smith*, 559 S.W.3d at 531. Nevertheless, appellant did not file his notices of appeal in these cases until April 23, 2021. Appellant's notices of appeal were filed more than six months after his sentences were imposed and are thus not timely. *See* TEX. R. APP. P. 26.2(a)(1),(2).

On April 26, 2021, in each appeal, the Clerk of the Court notified appellant of these defects so that they could be corrected, if possible, and advised appellant that the appeals would be dismissed if the defects were not cured. *See id.* R. 37.1. Appellant subsequently requested extensions of time to respond to the Clerk's notices. This Court granted appellant's motions for extension of time, and appellant ultimately filed amended notices of appeal in each case. Appellant's amended notices of appeal do not affect or alter the untimeliness of the appeals.

Appellant's notices of appeal were not timely filed. Therefore, we lack jurisdiction to address the merits of the appeals and can take no action other than to dismiss the appeals for want of jurisdiction. *See Castillo*, 369 S.W.3d at 198; *Slaton*, 981 S.W.2d at 210; *Ex parte Matthews*, 452 S.W.3d at 11. We note that only the Texas Court of Criminal Appeals has jurisdiction to grant appellant out-of-time appeals for felony convictions. *See* TEX. CODE CRIM. PROC. art. 11.07; *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). This Court has no original habeas corpus jurisdiction in criminal cases. *See Bd. of Pardons and Paroles ex rel. Keene v. Ct. of Apps. for the Eighth Dist.*, 910

3

S.W.2d 481, 483 (Tex. Crim. App. 1995); *Ashorn v. State*, 77 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Accordingly, we dismiss the appeals and all relief sought therein for want of jurisdiction.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
29th day of July, 2021.